Argued and submitted May 25, ballot title certified June 11, 1999

Leonard J. BERGSTEIN,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Gregory KAFOURY
and Ronda Hatefi,
*Intervenors.*

(SC S46367, S46369)

Jim EASTRIDGE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Gregory KAFOURY
and Ronda Hatefi,
*Intervenors.*

(SC S46368, S46370)

Denise M. MILLS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Gregory KAFOURY
and Ronda Hatefi,
*Intervenors.*

(SC S46371, S46372)
(Consolidated for Argument and Opinion)
984 P2d 265

Charles Hinkle, of Stoel Rives LLP, Portland, argued the cause and filed the petition for petitioner Bergstein.

James E. Mountain, Jr., Salem, argued the cause for petitioner Eastridge. With him on the petition were Brendan C. Dunn, Bruce A. Bishop, and Harrang Long Gary Rudnick P.C., Salem.

Michael Mills, of Mills & McMillin P.C., Salem, argued the cause and filed the petition for petitioner Mills.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General, Salem.

Linda K. Williams, Portland, argued the cause and filed the briefs for intervenors.

PER CURIAM

**PER CURIAM**

These are six ballot title review proceedings brought under ORS 250.085(2). They concern two closely related proposed initiative measures (distinguished principally by the fact that one is in the form of a statutory enactment while the other is a constitutional amendment) that deal with video poker and other video games. The proceedings have been consolidated for the purposes of argument and opinion. All petitioners are electors who timely submitted written comments concerning the content of the Attorney General's draft ballot titles and who therefore are entitled to seek review of the ballot titles certified by the Attorney General. *See* ORS 250.085(2) (setting that standard).

We have considered the arguments advanced by each petitioner with respect to each of the proposed measures. None of the arguments establishes that the Attorney General has failed to comply substantially with the requirements of ORS 250.035(2). An opinion fully setting forth our reasoning would not enhance the jurisprudence in this area of the law, nor would it materially assist the bar or the public in future proceedings of this kind.

Accordingly, for proposed initiative petition no. 48, the court certifies to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: PROHIBITS LOTTERY COMMISSION FROM CONTINUING AUTHORIZATION OF VIDEO CASINO GAMES

RESULT OF "YES" VOTE: "Yes" vote prohibits Lottery Commission from continuing authorization of video poker, other video casino games.

RESULT OF "NO" VOTE: "No" vote allows Lottery Commission to continue to authorize video poker, other video casino games.

SUMMARY: Amends constitution. Lottery Commission may now initiate games using video devices; proceeds from such games must be transferred to the Economic Development Fund. Measure amends constitution to prohibit Commission from initiating new games using video devices and

to prohibit Commission from authorizing games using video devices that play or simulate a casino game of dice or cards or a roulette wheel. Measure also requires all operations of video poker or other video casino games previously authorized by the Commission to cease by December 31, 2001.

For proposed initiative petition no. 49, the court certifies to the Secretary of State the following ballot title:

## PROHIBITS LOTTERY COMMISSION FROM CONTINUING AUTHORIZATION OF VIDEO CASINO GAMES

RESULT OF "YES" VOTE: "Yes" vote prohibits Lottery Commission from continuing authorization of video poker, other video casino games.

RESULT OF "NO" VOTE: "No" vote allows Lottery Commission to continue to authorize video poker, other video casino games.

SUMMARY: Lottery Commission may now initiate games using video devices; proceeds from such games must be transferred to the Economic Development Fund. Measure amends statutes to prohibit Commission from initiating new games using video devices and to prohibit Commission from authorizing games using video devices that play or simulate a casino game of dice or cards or a roulette wheel. Measure also requires all operations of video poker or other video casino games previously authorized by the Commission to cease by December 31, 2001.

Ballot titles certified. This decision shall become effective in accordance with ORAP 11.30(10).